IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANET M. P., | ) |
|   Plaintiff, | ) ) ) |
| v. | ) ) Case No. 21-cv-00193-SH |
| KILOLO KIJAKAZI,[1] Acting Commissioner of Social Security, | ) ) ) |
|   Defendant. | ) ) |

**OPINION AND ORDER**

Pursuant to 42 U.S.C. § 405(g), Plaintiff Janet M. P. requests judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability benefits under Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-434, 1381-1383f. In accordance with 28 U.S.C. § 636(c), the parties have consented to proceed before a United States Magistrate Judge. For the reasons explained below, the Court **REVERSES and REMANDS** the Commissioner's decision denying benefits.

**I.    Disability Determination and Standard of Review**

Under the Act, a "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also id.* § 1382c(a)(3)(A) (regarding disabled individuals). The impairment(s) must be "of such

---

[1] Effective July 9, 2021, pursuant to Fed. R. Civ. P. 25(d), Kilolo Kijakazi, Acting Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

severity that [the claimant] is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." *Id*. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Social Security regulations implement a five-step sequential process to evaluate disability claims. 20 C.F.R. §§ 404.1520, 416.920. "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). Under the five-step process, the Commissioner inquires into: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant suffers from a severe medically determinable impairment(s); (3) whether the impairment meets or equals a listed impairment from 20 C.F.R. pt. 404, subpt. P, app. 1; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"), whether the claimant can still do his or her past relevant work; and (5) considering the RFC and other factors, whether the claimant can perform other work. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). Generally, the claimant bears the burden of proof for the first four steps. *Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). At the fifth step, the burden shifts to the Commissioner to provide evidence that other work the claimant can do exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2).

Judicial review of the Commissioner's final decision is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). The "threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is more than a scintilla but

means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The Court will "meticulously examine the [administrative] record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met," *Grogan*, 399 F.3d at 1262, but it will neither reweigh the evidence nor substitute its judgment for that of the Commissioner, *Bowman v. Astrue,* 511 F.3d 1270, 1272 (10th Cir. 2008).  Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence.  *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II.     Background and Procedural History

Plaintiff protectively filed for Title II and XVI disability benefits on August 29, 2018.  (R. 18, 229-38.)  Plaintiff alleges that she has been unable to work since an amended onset date of February 1, 2018, due to diabetes, hypertension, arthritis, diabetic neuropathy, and problems with her feet, legs, hands, and fingers.  (R. 41, 341.)  Plaintiff was 60 years old at the time of the ALJ's decision.  (R. 29, 43.)  Plaintiff has a high school education and past relevant work as a hospital housekeeper.  (R. 28, 59, 342.)

Plaintiff's claims for benefits were denied initially and on reconsideration, and she requested a hearing.  (R. 75-136, 167-68.)  ALJ Lantz McClain conducted an administrative hearing and issued a decision on June 8, 2020, finding Plaintiff not disabled. (R. 18-29, 36-65.) The Appeals Council denied review on October 7, 2020 (R. 4-12), rendering the Commissioner's decision final.  20 C.F.R. §§ 404.981, 416.1481.  On March 30, 2021, the Appeals Council gave Plaintiff an additional 30 days to file an appeal. (R. 1.)  Plaintiff filed this appeal on May 10, 2021.[2]  (ECF No. 2.)

---

[2] The Commissioner has not asserted a limitations defense in this case.

## III. The ALJ's Decision

In his decision, the ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date of February 1, 2018. (R. 21.) At step two, the ALJ found Plaintiff had the severe impairments of diabetes mellitus, bilateral hallux valgus deformity, and obesity. (R. 21-24.) The ALJ found Plaintiff had the non-severe impairments of status post wrist injury, hypertension, asthma, decreased visual acuity, depression, anxiety, and posttraumatic stress disorder. (R. 21-22.) At step three, the ALJ found Plaintiff's impairments did not meet or equal a listed impairment. (R. 24.)

The ALJ then determined Plaintiff had the RFC to perform the full range of medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c). (R. 24.) The ALJ provided a summary of the evidence that went into this finding. (R. 24-28.)

At step four, based on the testimony of a vocational expert, the ALJ concluded Plaintiff could return to her past relevant work as a hospital housekeeper. (R. 28.) The ALJ thus found Plaintiff was not disabled. (R. 28-29.)

## IV. Issues

Plaintiff asserts the ALJ erred by: (1) failing to identify bilateral finger osteoarthritis as a medically determinable impairment (ECF No. 12 at 5-6); (2) finding her mental impairments non-severe at step two (*id.* at 8-9); (3) failing to account for her non-severe mental impairments in the RFC assessment (*id.* at 7); (4) failing to properly evaluate the medical source opinions of her primary care provider Dr. Oliver Cerqueira and consultative examiner Dr. Logan Hardin (*id.* at 7-8); and (5) failing to conduct a proper analysis pursuant to *Winfrey v. Chater,* 92 F.3d 1017 (10th Cir. 1996) at step four

4

(*id*. at 9-11).³  The Court agrees the ALJ erred in his analysis of the medical source opinion evidence and does not reach Plaintiff's remaining arguments.

V. **Analysis**

Plaintiff contends the ALJ improperly rejected the opinions of Dr. Cerqueira and Dr. Hardin as to manipulative limitations related to her hands, because he failed to discuss probative evidence in the medical record that does not support his finding.  In particular, Plaintiff asserts the ALJ improperly ignored Dr. Hardin's finding that all of Plaintiff's fingers had reduced range of motion.  (ECF No. 12 at 7.)  The Court agrees.

A. **Requirement for Considering and Discussing Medical Opinions as Evidence**

An ALJ does not defer or give any specific evidentiary weight to medical opinions. 20 C.F.R. § 404.1520c(a).⁴  Instead, the ALJ evaluates the "persuasiveness" of such opinions by considering five factors.  *Id*. § 404.1520c(a) & (c).  Of those five factors, the ALJ must always explain how he considered two—supportability and consistency.  *Id*. § 404.1520c(b)(2).  Supportability is internal to the medical source—"The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . , the more persuasive the medical opinions . . . will be."  *Id*. § 404.1520c(c)(1).  Consistency is more external—"The more consistent a medical opinion(s) . . . is with the evidence from other medical sources and

---

³ The ALJ is required to make specific findings in three phases at step four.  *Winfrey*, 92 F.3d at 1023.  In phase one, the ALJ evaluates the claimant's mental and physical RFC.  *Id*.  In phase two, the ALJ examines the demands of the claimant's past relevant work.  *Id*.  In phase three, the ALJ ascertains "whether the claimant has the ability to meet the job demands found in phase two despite the [RFC] limitations found in phase one."  *Id*. (citing Social Security Ruling ("SSR") 82-62, 1982 WL 31386, at *3 (Jan. 1, 1982)).

⁴ *See also generally* 20 C.F.R. § 416.920c for Title XVI claims.

nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." *Id.* § 404.1520c(c)(2).

If the record demonstrates the ALJ considered all the evidence, the ALJ is not required to discuss every piece of that evidence. *Clifton v. Chater,* 79 F.3d 1007, 1009-10 (10th Cir. 1996). But, the ALJ is required to "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Id.* at 1010.

### B.   The Opinions of Drs. Cerqueira and Hardin

Dr. Cerqueira treated Plaintiff for osteoarthritis in her fingers from January 2017 through October 2019. (R. 572-638, 682-725.) On August 7, 2018, Dr. Cerqueira signed a form titled "Medical Assessment of Ability to do Work-Related Physical Activities." (R. 507-09.) In this form, Dr. Cerqueira found Plaintiff was limited to 33 percent of an eight-hour workday for using her hands for repetitive grasping, turning, and twisting objects, as well as for using her fingers for repetitive fine manipulation. (R. 509.) According to Dr. Cerqueira, the limitations had been present since December 1, 2015. (*Id.*)

Dr. Hardin performed a consultative physical examination of Plaintiff on February 11, 2019. (R. 662-68.) Dr. Hardin opined Plaintiff could effectively oppose her thumbs to her fingertips "slowly," could not manipulate small objects "well" with either hand, and could not effectively grasp tools such as a hammer. (R. 666.)

### C.   The ALJ's Treatment of the Opinions

The ALJ concluded that Dr. Cerqueira's opinion was not persuasive, because: (1) his environmental restrictions were not clearly defined; (2) he based his opinion on Plaintiff's symptoms, including dizziness, allergies, and asthma; and (3) the imaging of

6

Plaintiff's hands and feet did not support his limitations. (R. 27.) The "imaging" to which the ALJ referred were two x-rays—one of Plaintiff's hands on March 1, 2019 (Ex. B7F, R. 670-72) and one of her feet on September 4, 2019 (Ex. B9F, R. 679-81). As it relates to Plaintiff's hands, the x-rays showed minor degenerative changes in both hands. (R. 671.) The right x-ray also showed punctate old avulsion fracture fragments involving the proximal phalanx of the fifth digit and the distal phalanx of the second digit of Plaintiff's hand. (*Id.*)

As for Dr. Hardin's opinion, the ALJ found it was not persuasive, because it was inconsistent with the March 2019 hand x-rays and her ability to work on a part-time basis into 2020. (R. 27.) The ALJ did not discuss the supportability of Dr. Hardin's opinions.[5]

In making this determination, however, the ALJ neither acknowledged nor discussed Dr. Hardin's objective finding that Plaintiff had reduced range of motion in her thumb and all her fingers. (R. 665-66.) This evidence was significantly probative and directly relevant to the supportability of Dr. Hardin's opinion that Plaintiff was limited in her ability to manipulate small objects and grasp tools. It was similarly probative to the consistency of Dr. Cerqueira's opinion that Plaintiff could only use her hands and fingers for repetitive activities 33 percent of the workday. It was error for the ALJ to rely solely on evidence supporting his finding that Plaintiff had no manipulative limitations, while ignoring evidence contrary to his conclusion. *See Hardman v. Barnhart,* 362 F.3d 676,

---

[5] In an apparent attempt to salvage the ALJ's decision, the Commissioner asserts that neither doctor "explained the basis for their opinions." (ECF No. 15 at 10.) The Commissioner does not claim the ALJ made this finding, and he did not. In any event, the Commissioner's view of "supportability" is too narrow. It includes more than just the medical source's "explanations"; it also includes "the objective medical evidence" presented by that source. 20 C.F.R. § 404.1520c(c)(1). In this case, as noted below, Dr. Hardin conducted a physical exam of Plaintiff and noted objective findings that directly related to his opinions as to her manipulative abilities. (R. 662-66.)

681 (10th Cir. 2004) ("It is improper for the ALJ to pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."); *cf. Aday v. Colvin,* No. CIV-13-431-R, 2014 WL 2766080, at *2-3 (W.D. Okla. June 18, 2014) (finding error where the ALJ ignored a consultative examiner's finding of reduced range of motion in claimant's arm and the RFC assessment did not include any manipulative limitations).

The Commissioner does not meaningfully address Plaintiff's argument regarding Dr. Hardin's finding of reduced range of motion in her fingers. Rather, the Commissioner contends the ALJ's analysis of the opinions was supported by substantial evidence because: (1) Dr. Cerqueira found normal muscle strength and tone in December 2017; (2) Dr. Hardin found Plaintiff had full grip strength and no muscle atrophy at his February 2019 consultative examination; and (3) Plaintiff performed her part-time housekeeper job, which—per the Dictionary of Occupational Titles ("DOT")—required fingering and handling abilities in excess of those Drs. Cerqueira and Hardin identified, in 8-hour weekend shifts up to February 2020. (ECF No. 15 at 10.) The ALJ did not even reference Dr. Cerqueira's December 2017 exam or Dr. Hardin's grip findings in his decision. Similarly, the ALJ did not discuss the fingering and handling requirements of Plaintiff's part-time work—whether under the DOT or as actually performed—when analyzing the opinions.

The ALJ did not discount the opinion of Dr. Cerqueira or Dr. Hardin on these bases, and the Commissioner's assertions constitute post hoc rationales that are not clear from the ALJ's decision. The Court cannot uphold the ALJ's decision on the basis offered by the Commissioner. *See Haga v. Astrue,* 482 F.3d 1205, 1207-08 (10th Cir. 2007) ("this

8

court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself").

## VI. Conclusion

The ALJ's decision finding Plaintiff not disabled is **REVERSED and REMANDED** for proceedings consistent with this Opinion and Order.

**SO ORDERED** this 16th day of August, 2022.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT